UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CLEO WILLIS SR., Plaintiff,

v.

ANTHONY SHAHID, Defendant.

No. 4:01-CV-1261-FRB

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Cleo Willis, Sr. for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in

#4

support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this civil action against defendant Anthony Shahid, a radio talk show host. Plaintiff contends that the defendant intentionally destroyed his character as a civil rights activist on defendant's radio show.

**Discussion**

Plaintiff's claims of defamation against a private party arise from state tort law and do not have a basis in federal jurisdiction. Because this Court is without subject matter jurisdiction over these claims, the Court will dismiss the complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks subject matter jurisdiction over it. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 18th day of October, 2001.

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 10/18/01 by kklein
4:01cv1261 Willis vs Shahid

42:1983 Civil Rights Act

Cleo Willis -
4885 Penrose
St. Louis, MO 63115

FRB

SCANNED & FAXED BY:

OCT 18 2001

DJO